## FRANK R. FLEEK v. FRED. ZILLHAVER.

ERROR TO THE COURT OF COMMON PLEAS OF CRAWFORD
COUNTY.

Argued February 3, 1887—Decided October 17, 1887.

Where a husband and wife are seized of land by entireties and the husband survives the wife, a sheriff's sale of the land upon a judgment against the husband will discharge a mortgage executed by the husband and wife after the entry of the judgment.

Before MERCUR, C. J., GORDON, PAXSON, STERRETT, GREEN and CLARK, JJ.; TRUNKEY, J., absent.

No. 244 January Term 1887, Sup. Ct.; court below, No. 107 February Term 1886, C. P.

The case below was a scire facias sur mortgage issued by Frank R. Fleek for the use of Helen M. Fleek against Charles T. Holcomb, mortgagor, and Fred Zillhaver, terre tenant.

The title to a tract of land became vested in Charles T. Holcomb and Mary, his wife, under the will of Bailey Fullerton, the wife's father, which will was admitted to probate on April 6, 1854, and contained this paragraph:—

Item: I give and bequeath unto my daughter Mary and my son-in-law Charles T. Holcomb, one hundred acres of land lying in Rockdale township, now in their occupancy as surveyed by C. Jagger.—

On August 8, 1877, the People's Savings Bank entered a judgment against Charles T. Holcomb, for $1,571. On April 19, 1882, a scire facias was issued upon said judgment and on June 10, 1882, judgment of revival was entered for $2,033.72. On May 24, 1882, when there were no judgment or mortgage liens against her, Mrs. Holcomb joined her husband in the execution of a mortgage upon the land devised in said will to Frank R. Fleek for $1,140, which mortgage was recorded on May 25, 1882, and subsequently assigned to Helen M. Fleek, the use plaintiff herein. Mrs. Holcomb died June 8, 1882.

On June 13, 1882, a writ of fi. fa. was issued upon the Peo-

ple's Savings Bank judgment and levied upon the land devised, which was sold by the sheriff on September 14, 1882, to the First Presbyterian Church of Meadville, Pa., and deed executed therefor on October 2, 1882. On January 13, 1883, the church conveyed the land to Fred. Zillhaver, the defendant.

On June 16, 1886, Frank R. Fleek for use of Helen M. Fleek, issued a scire facias upon the mortgage before referred to, upon which judgment was taken against Charles T. Holcomb for $1,447, in default of appearance and plea. The terre tenant alone made defence.

On the trial, December 10, 1886, before PEARSON CHURCH, P. J., the plaintiff put in evidence the will, the mortgage and the assignment thereof, the occupancy of the property described in the writ by the terre tenant defendant, and rested.

The defendant offered in evidence the People's Savings Bank judgment, which was objected to as incompetent and irrelevant.

By the court: Objection overruled for the present, reserving the question as to the effect of the records.[5]

The defendant offered in evidence the scire facias upon said judgment and the judgment of revival thereon; also the fi. fa. thereon and return of the sale of the land levied upon to the First Presbyterian Church of Meadville for $2,625, with the sheriff's deed to said church dated October 2, 1882; admitted that the land sold and conveyed by the sheriff to the church was the same land devised by the said will, so described in the sheriff's deed; also offered the deed from the church to the defendant, recorded, and reciting that the land conveyed was the land devised by said will to Mary and Charles Holcomb and sold at said sheriff's sale. These records and deeds were objected to as incompetent and irrelevant.

By the court: Objection overruled for the present, reserving the question as to the effect of the records and deeds.[6]

The court, after reciting the facts given in the statement, charged the jury:

Fred. Zillhaver has made a defence claiming that he holds the land free and discharged from the lien and burden of the mortgage executed by the Holcombs, in 1882.

The question of law raised by this record is a novel one,

and the court is bound, although sprung upon us in a moment, to have an opinion one way or another. We have that opinion and now instruct you.

The law is that a mortgage, if it be the first lien against particular real estate, is not disturbed by any sheriff's sale that may take place upon subsequently entered judgments, but the lien is preserved against the property in the hands of a purchaser at sheriff's sale; and if that was all there was in this case, then it might be that the plaintiff would be entitled to recover.

[But there was a judgment entered against Charles T. Holcomb prior to the execution and recording of this mortgage to Fleek.

The devisees under the will of Bailey Fullerton, being Mary Holcomb and C. T. Holcomb, her husband, C. T. Holcomb took a joint estate, and if Mary Holcomb had lived, and was now living, I should be inclined, and would certainly charge you that the mortgagee under that mortgage would be entitled to recover her mortgage against Mary Holcomb. But Mary Holcomb having died prior to the entry of this judgment of revival, the whole property descended to and became vested in her surviving husband; and hence, on the 8th of June, 1882, there was a judgment against Charles T. Holcomb, which was a prior lien to the mortgage, although Charles T. Holcomb, the mortgagor, executed this mortgage. Although owning an undivided one half by virtue of his tenancy as a joint tenant, upon the death of his wife the whole property became vested in him and he was the mortgagor, but there being an open judgment entered against him prior to that time, the title he acquired by the death of his wife inured to the benefit of his judgment creditors. The sheriff's sale divested the lien of the mortgage given in 1882; hence the plaintiff is not entitled to recover against Fred. Zillhaver, the vendee of the sheriff's vendee of this real estate, and your verdict will be for the defendant.] [4]

Defendant's counsel requests the court to charge the jury:

1. That under all the evidence in this case, the verdict must be for the defendant, Zillhaver, the terre tenant.

Answer: The point of the defendant, terre tenant, is answered in the affirmative.[3]

Plaintiff's counsel requests the court to charge the jury:

1. That the judgment offered in evidence by the defendant, and the proceedings had thereon, to wit: the sale of the land by the sheriff, did not divest the mortgage upon which the plaintiff's action is based, and that therefore their verdict should be for the plaintiff.[1]

2. That the mortgage executed by Mary Holcomb and Charles T. Holcomb, her husband, became a lien upon the date of its record against them and upon the estate vested in the mortgagors, under the will of Bailey Fullerton, and was a first lien upon the property included in the mortgage, and a prior lien to that offered in evidence by the defendant.[2]

Answer: Both points of the plaintiff are answered in the negative.

A verdict for the defendant having been returned, and judgment entered, the plaintiff thereupon took this writ assigning for error:

1, 2. The answers to the plaintiff's points.[1, 2]

3. The answer to the defendant's point.[3]

4. The part of the charge embraced in [ ].[4]

5, 6. The admission of the plaintiff's offers.[5, 6]

*Mr. F. L. Blackmarr*, for the plaintiff in error:

1. The husband and wife under the will of Bailey Fullerton took by entireties and not by moieties, as held in McCurdy v. Canning, 64 Pa. 40, and Holcomb v. Savings Bank, 92 Pa. 343, the latter case construing the same clause in this will. Therefore on May 24, 1882, Mary Holcomb was seized of the whole of the tract described in the mortgage. Having this estate she had the right to make and the mortgagee the right to take her mortgage: Hagenbuch v. Phillips, 112 Pa. 289; Cridge v. Hare, 98 Pa. 564; Jamison v. Jamison, 3 Wh. 471; and the mortgage passed to the mortgagee the title and the right of possession of Mrs. Holcomb, to hold till payment should be made: Tryon v. Munson, 77 Pa. 262.

2. When Mrs. Holcomb executed this mortgage there were no other mortgages or judgment liens against her estate. Then this mortgage became a first mortgage, and would not be divested by a sale on any prior judgment or lien. After the execution of that mortgage all that remained to Mrs. Hol-

Opinion of the Court.

comb was the equity of redemption; and at her death the only estate that Charles T. Holcomb had, as her survivor, was that equity of redemption, and that equity is all that is vested in the defendant through the sheriff's deed and the deed from the church. Any different construction would be a denial of the wife's power to convey her own estate in the mode pointed out in the statute.

*Mr. H. J. Humes* (*Mr. R. C. Frey, Mr. Myron Park Davis* and *Mr. Thomas Roddy* with him), for the defendant in error:

1. The lien of judgments in Pennsylvania has been extended beyond the limits of the common law. A judgment is held to be a lien on every kind of equitable interest in land—even an inchoate interest—and on every right vested in the debtor at the time of the judgment: Carneghan v. Brewster, 2 Pa. 41; Carkhuff v. Anderson, 3 Binn. 5; Morrow v. Brenizer, 2 R. 185; Thomas v. Simpson, 3 Pa. 60; De Haas v. Bunn, 2 Pa. 335.

2. When the judgment of the People's Savings Bank was entered against Charles T. Holcomb, he was seized of an entirety in the land subject to but one contingency which never happened, to wit, the survival of his wife. Though there were two natural persons, there was but one person in law, and on the death of his wife the husband took no new estate, but had the estate as before, not under or through his wife, but by virtue of the original devise: French v. Mehan, 56 Pa. 286; Diver v. Diver, 56 Pa. 106; McCurdy v. Canning, 64 Pa. 39; Stuckey v. Keefe, 26 Pa. 397; Martin v. Jackson, 27 Pa. 504.

3. Prior to the act of April 11, 1848, the husband could convey or mortgage such an estate during his life: Fairchild v. Chastelleux, 1 Pa. 181; Barber v. Harris, 15 Wend. 615; Jackson v. McConnell, 19 Wend. 175; McCurdy v. Canning, 64 Pa. 39; and that act simply protected the wife's right to the separate enjoyment and use of her property during her life.

OPINION, MR. JUSTICE GREEN:

The estate of Mary Holcomb in the premises in question was not different from the estate of her husband Charles T. Holcomb in the same premises. They were husband and wife;

the devise was to them jointly and they held the land devised by entireties, and not by moieties. The estate of each is exceptional and peculiar. It dies with the owner, and only the survivor has the absolute and unqualified fee simple title in the whole. The estate of the other, though extending to the whole during life, absolutely ceases at death. It was that kind of estate which was bound by the lien of the mortgage given by Mary Holcomb; and it was the same kind of estate which was bound by the lien of the judgment against her husband. As against the wife, the mortgage was undoubtedly the first and indeed only lien. As against the husband, the judgment was the first lien and the mortgage the second, simply because the judgment was obtained before the mortgage was given. Had the wife survived, the mortgage would certainly have had precedence to the exclusion of the judgment, because the estate bound by the lien of the judgment was defeasible by the death of the husband before the wife. For the same reason if the husband survived the wife, the estate of the latter was divested, and the mortgage only became operative against the husband because he had joined in its execution. But as to him it was not the first lien, he having become subject to a judgment at a time anterior to the giving of the mortgage. These views determine the case, and

The judgment is affirmed.