### J. T. HOOD v. SHERMAN MERCER ET AL.

(Filed 21 May, 1909.)

**Husband and Wife—Lands—Estates—Jus Accresendi—Judgment—Against One—Lien.**

A judgment against the husband does not constitute a lien on lands conveyed to him and his wife in fee, so that execution and sale thereunder of his interest can be had to satisfy the judgment debt against him, for they take by entireties, with the right of survivorship, and the interest of neither, during their joint lives, becomes subject to the lien of a docketed judgment against them or either of them.

CONTROVERSY without action submitted to *Allen, J.,* at Spring Term, 1909, of JONES.

From the judgment rendered the plaintiff appeals.

*Thomas D. Warren* for plaintiff.
*Simmons, Ward & Allen* for defendants.

BROWN, J. The plaintiff is the owner of a judgment, duly docketed on 25 October, 1907, in the Superior Court of Jones County, against the defendant Sherman Mercer. On 14 February, 1908, certain tracts of land in said county were conveyed by deed executed to said Sherman Mercer and his wife as grantees in the premises as well as the *habendum*. The said Sherman Mercer and wife have subsequently conveyed certain of the lands by deed to the codefendants Jones and Bryant.

The question presented on this appeal is as to whether the judgment constitutes a lien upon the lands to the discharge of which they can be subjected by execution.

We agree with his Honor that the judgment is no lien on the lands, and that they therefore cannot be sold under execution. The estate of Sherman Mercer and wife is an anomalous one, but it still exists in this State. It would be well for the General Assembly to abolish it as to all future conveyances and let the grantees hold as tenants in common.

While, to some extent, former decisions of this Court in respect to this estate have been modified, we have held, in recent years, that under a conveyance of land in fee to husband and wife they take by entireties, with right of survivorship, and that the interest of neither during their joint lives becomes subject to the lien of a docketed judgment. During the wife's life the husband has no such interest as is subject to levy and sale to satisfy a judgment against him. *Bruce v. Nicholson,* 109 N. C., 202; *West v. Railroad,* 140 N. C., 620. It is true that where the husband had conveyed the land by deed with warranty without the joinder of the wife, and survived her, his grantee acquired title, but this was by way of estoppel.

The judgment is
Affirmed.