MAJOR HURD and NANCY HURD, his wife,

*vs.*

WILLIAM M. HUGHES.

*Kent, March* 12, 1920.

A conveyance of land to a man and his wife and their heirs and assigns makes them tenants by entireties.

All possible titles to real estate are subject to sale upon judgment and execution, except an equitable interest over an active trust.

The features of an estate by the entireties are that it can be held only by a man and woman while married; that each owns the whole while living, and cannot sell any interest, except with the other's consent, and by their joint action; that at the death of either the other continues to own the whole, without acquiring a new interest from the other, and there can be no partition between them; so that creditors of either cannot by execution reach any interest in the land so held.

Under the Married Women's Property Act, freeing a wife's property from liability for her husband's debts, judgments against the husband creates no lien upon property held by husband and wife as tenants by the entireties.

Where the husband and wife jointly convey the title to property held by them as tenants by the entireties, the title to the property passes clear of any claim of judgment creditors of husband, so that a judgment against the husband does not render the title defective, or defeat the right to a specific performance of the contract to convey such property.

BILL FOR SPECIFIC PERFORMANCE of an agreement for sale of land. The complainants, Major Hurd and Nancy Hurd, his wife, owning a farm formed of two parcels of land in South Murderkill Hundred, Kent County, Delaware, made on November 25, 1919, an agreement in writing to sell the same to the defendant, William M. Hughes, free and clear of all liens and incumbrances

thereon, or against any interest, present or contingent, held by either owner. A deed was duly tendered to the purchaser, who refused to accept it because there were of record three unsatisfied judgments in the Superior Court of Kent County against Major Hurd, two entered on August 16, 1915, and the other on February 1, 1916.

The two parcels of land were conveyed by separate deeds, by different grantors and at different times, to Major Hurd and Nancy Hurd, his wife. By one of the deeds the parcel conveyed was to be held by the grantees "as tenants by the entirety and not as tenants in common." The deed for the other parcel did not so provide, but was simply to them, "their heirs and assigns.'

The allegations of the bill were admitted by the answer, and the cause was heard on bill and answer.

*James H. Hughes*, for complainants.

*James L. Wolcott*, for defendant.

THE CHANCELLOR. In this case is presented for the first time in Delaware the question whether a husband and wife holding land as tenants by entireties can by their joint deed convey the property so held clear of a judgment recovered against the husband.

The complainants are the owners of two parcels of land, one conveyed to them as husband and wife "as tenants by the entirety and not as tenants in common," and the other conveyed to them as husband and wife, without stating whether they were to hold as tenants by entireties, or as joint tenants, or tenants in common. By the first deed the estate peculiar to married persons, and originally based on the theoretical unity of that relation, viz. an estate by the entireties, was clearly created, for it is expressly so conveyed. By authority of *Kunz v. Kurtz*, 8 *Del. Ch.* 404, 68 *Atl.* 450, the same kind of an estate was granted by the second deed. In the case cited it was held that a conveyance of land to a man and his wife made them tenants by the entireties. The only other case in this State relating to an estate by the entireties is *Godman v. Greer*, *post p.* 397, 105 *Atl.* 380, wherein the Orphans' Court held that by a devise of land to a man and his wife "as tenants in common, to have share and share alike," the devisees took as tenants in common and not as tenants by the entireties.

However, these cases do not settle the question raised in the case at bar.

All possible titles to real estate, equitable, contingent or otherwise, are subject to sale upon judgment and execution, except an equitable interest under an active trust. *Flanagin v. Daws*, 2 *Houst.* 476, 494, 497. In *Evans v. Lobdale*, 6 *Houst.* 212, 22 *Am. St. Rep.* 358 (1881), the Court of Errors and Appeals decided that a judgment against a husband was not a lien on lands devised to his wife, notwithstanding there was issue of the marriage born alive and capable of inheriting them, and that a deed made by them would convey the land clear of the judgment. This decision was based on acts for the benefit of married women, which released property of a married woman from the control of her husband during her life and exempted it from all liability for his debts. The reasons assigned were (1) because the possibility of interest as tenant by the curtesy in case of his surviving her was not the subject-matter of a lien; (2) because he had lost his *jure uxoris* during her life; and (3) because to give the judgment against him a lien would limit her right to dispose of her property. But this decision does not settle the question raised here.

When land is held by the entireties the husband has an interest in the property during his wife's lifetime. At common law he had the exclusive right to the rents, issues and profits. According to some authorities this is changed by the Married Women's Statutes, so that the husband and wife during their joint lives have each an interest in the usufruct of the land. Whatever the extent of the interest of the husband be, he has some interest in the land during coverture, and if there were no other considerations involved it could be reached by his creditors by execution on a judgment against him. The peculiar features of an estate by the entireties, which is different from every other estate, have an important bearing upon the question here raised. The estate can be acquired or held only by a man and woman while married. Each spouse owns the whole while both live; neither can sell any interest except with the other's consent, and by their joint act and at the death of either the other continues to own the whole, and does not acquire any new interest from the other. There can be no partition between them. From this is deduced the indivisi-

bility and unseverability of the estate into two interests, and hence that the creditors of either spouse cannot during their joint lives reach by execution any interest which the debtor had in land so held. *Stifel's Union Brewing Co. v. Saxy*, 273 *Mo.* 159, 201 *S. W.* 67, *L. R. A.* 1918*C*, 1009 (1918); *Beihl v. Martin*, 236 *Pa.* 519, 84 *Atl.* 953, 42 *L. R. A.* (*N. S.*) 555 (1912); *Cole Mfg. Co. v. Collier*, 95 *Tenn.* 123, 31 *S. W.* 1000, 30 *L. R. A.* 315.

One may have doubts as to whether the holding of land by entireties is advisible or in harmony with the spirit of the legislation in favor of married women; but when such an estate is created due effect must be given to its peculiar characteristics. In *Beihl v. Martin, supra,* the Court recognized that the husband and wife each took an entirety made up of indivisible parts, and that any alienation by one, the other not consenting, would be an abridgment *pro tanto* of the rights of the other. And although it had been held in *Fleek v. Zillhaven,* 117 *Pa.* 213, 12 *Atl.* 420, and which was not overruled, that the expectant interest of the husband may be the subject of a lien enforceable in case the husband survive his wife, still in the later case it was held that a conveyance by them by joint deed would pass a title free of a judgment against the husband, because neither can without joining the other sell or assign his or her interest therein or, even the expectancy of survivorship. It was said:

"The rights of the parties are fixed by the deed of conveyance to them, and by that instrument each took an entirety made up of indivisible parts. Any alienation by one, the other not consenting, of any interest whatever in the estate, if allowed, would be an abridgment *pro tanto* of the rights of the other."

In *Davis v. Clark,* 26 *Ind.* 424, 89 *Am. Dec.* 471, the interest of either spouse is not either a contingent or vested remainder, but merely an incident to the estate.

The Court in *Stifel's, etc., Co. v. Saxy,* cited above, after referring to cases which hold that Married Women's Acts made the husband and wife tenants in common with survivorship, or which hold that they had no effect upon the husband's rights at common law in land held by the entireties, said:

"All those cases which hold that such legislation has destroyed or changed estates by the entireties proceed on the theory that it has destroyed the unity

of husband and wife. They overlook the plain fact that such acts are meant to destroy the unity of unequals, the foundation of the *jus mariti*, and to thereby restore to its full vigor the unity * * * of equals, the foundation of the estate by entireties."

But it is not necessary to go so far in this case where the judgment is against the husband. Under such circumstances the effect of the statutes respecting the estates of married women has a more important bearing. These statutes in Delaware, as elsewhere, free her estate of her husband's possession, control. or disposition, and from liability for his debts. Therefore, it would limit the freedom so given her if a judgment against him should in their joint lives be a lien or be enforceable against any interest he was supposed to have in the land, and to that extent would make her property liable to his creditors. Upon these grounds courts elsewhere have held that a judgment against the husband is not a lien on land so held during the joint lives of tenants by the entireties. *Beihl v. Martin*, 236 *Pa.* 519, 84 *Atl.* 953, 42 *L. R. A.* (*N. S.*) 555; *Davis v. Clark*, 26 *Ind.* 424, 89 *Am. Dec.* 471; *Jordan v. Reynolds*, 105 *Md.* 288, 66 *Atl.* 37, 9 *L. R. A.* (*N. S.*) 1026, 121 *Am. St. Rep.* 578, 12 *Ann. Cas.* 51; *Ades v. Caplin*, (1918) 132 *Md.* 66, 103 *Atl.* 95, *L. R. A.* 1918*D*, 276; *Hood v. Mercer*, 150 *N. C.* 699, 64 *S. E.* 897; *Stifel's Union Brewing Co. v. Saxy*, 273 *Mo.* 159, 201 *S. W.* 67, *L. R. A.* 1918*C*, 1009.

It follows that by a conveyance by the husband and wife jointly the title to the property passes clear of any claim of creditors of the husband. *Beihl v. Martin,* 236 *Pa.* 519, 84 *Atl.* 953, 42 *L. R. A.* (*N. S.*) 555; *Jordan v. Reynolds*, 105 *Md.* 288, 66 *Atl.* 37, 9 *L. R. A.* (*N. S.*) 1026, 121 *Am. St. Rep.* 578, 12 *Ann. Cas.* 51; *Ades v. Caplin*, 132 *Md.* 66, 103 *Atl.* 95, *L. R. A.* 1918*D*, 276; *Davis v. Clark*, 26 *Ind.* 424, 89 *Am. Dec.* 471; *Hood v. Mercer*, 150 *N. C.* 699, 64 *S. E.* 897; *Harris v. Carolina, etc., Co.*, 172 *N. C.* 14, 89 *S. E.* 789, *Ann. Cas.* 1918*C*, 329.

In New Jersey and New York a different rule applies. There the courts considered it as most in harmony with the spirit and purpose of the Married Women's Enabling Acts to hold that the wife during the life of her husband is endowed with the capacity to hold in her possession as a single female one-half of the estate in common with her husband with a right of survivorship, and hence as he has the same rights they can be reached by his creditors

during their joint lives. This, of course, denies the indivisibility of the estate and permits partition thereof as between a purchaser from the husband and the other spouse. It was so held in *Buttlar v. Rosenblath*, 42 *N. J. Eq.* 651, 9 *Atl.* 695, 59 *Am. Rep.* 52 (1887); *Schulz v. Ziegler*, 80 *N. J. Eq.* 199, 83 *Atl.* 968, 42 *L. R. A.* (*N. S.*) 98 (1912); *Hiles v. Fisher*, 144 *N. Y.* 306, 39 *N. E.* 337, 30 *L. R. A.* 305, 43 *Am. St. Rep.* 762 (1895).

The courts which hold that each spouse has an interest in the land which can be reached by creditors base their decisions largely on questions of public policy to protect creditors of the tenants. But creditors are not entitled to special consideration. If the debt arose prior to the creation of the estate, the property was not a basis of credit, and if the debt arose subsequently the creditor presumably had notice of the characteristics of the estate which limited his right to reach the property.

As between these two conflicting views the attitude of the Court of Errors and Appeals in *Evans v. Lobdale*, 6 *Houst.* 212, 22 *Am. St. Rep.* 358, should be decisive. Referring to a statute of the State (15 *Del. Laws, p.* 289) providing that the property of a married woman shall be her sole and separate property, and not subject to the disposal of her husband, or liable for his debts, the Court said that the intent of the act was to release the wife's property from the control of her husband during her life and to exempt it from all liability for his debts. Judge Wales in delivering the opinion of the Court (6 *Houst.* 215, 22 *Am. St. Rep.* 358) said:

"This intent would fail if a judgment against the husband was held to be a lien on his possible interest in his wife's land, so as to prevent its alienation by them, no matter what advantages might be derived from a sale."

The principles there established apply with even greater clearness to the ancient and peculiar estate by the entireties, the features of which were survivorship and the indivisibility of the interests of the two spouses except by joint actions. Therefore, this case, when applied to a case like the present one, establishes that when land is held by the entireties a judgment against the husband is not during the joint lives of the tenants of the estate a lien on the land, because his possibility of survivorship cannot be taken in execution; and further, that the land so held may be conveyed by the tenants by the entireties by their joint deed so that the grantees

would take their title free of any claim of a creditor of the husband, because the freedom of the wife to convey her interest in land would be curtailed if a judgment against her husband be a lien on the land.

The conclusion is that a conveyance by the complainants would convey their title to the land clear and discharged of the judgments against the husband.

A decree for specific performance will be entered.