## A. HUPFEL'S SONS v. GETTY.

(Circuit Court of Appeals, Third Circuit. June 23, 1924.)

### No. 3098.

**Husband and wife ⊜◻14(11)—Judgments held not a lien on land held by defendants by the entirety; "joint act."**

Under the law of Pennsylvania, as settled by decision, that real estate held by husband and wife by the entireties is not, while so held, subject to a judgment against one of them, but that by their joint act they may dispose of the whole estate or strip the estate of its attributes, and conceding that by such joint act they may subject the land to a lien, the incurring of an indebtedness by the husband, on which judgment is recovered, and a later assumption of such indebtedness by the wife, for a new and different consideration, on which a judgment is also recovered against her, is not a "joint act," within the rule which subjects the land to the lien of the judgments.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Suit in equity by Marget Getty against A. Hupfel's Sons, a corporation. Decree for complainant, and defendant appeals. Affirmed.

For opinion below, see 292 Fed. 178.

L. Albert Gray and Owen J. Roberts, both of Philadelphia, Pa., for appellant.

Peck, Peck & Woolsey, of Philadelphia, Pa., for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and BODINE, District Judge.

WOOLLEY, Circuit Judge. Bernard Lucke and Marie Lucke, his wife, were tenants by entireties of a property situate in Philadelphia county, Pa. While so seized, A. Hupfel's Sons, a corporation, obtained a judgment against Bernard Lucke and another judgment against Marie Lucke. With these judgments unsatisfied, Lucke and his wife made a bona fide conveyance of the premises to Marget Getty. When, later, A. Hupfel's Sons issued execution on the two judgments directed to the seizure and sale of the premises, Marget Getty filed this bill in equity praying the court to remove the cloud which thereby had been cast upon her title. As all concerned were anxious for a decision, no one questioned the propriety of the proceeding. The only question is whether the husband and wife, who were tenants by entireties, could by alienation divest the property of the liens of the two judgments separately entered against them. The answer depends first upon the law and then upon the facts of the case.

As the question here presented concerns title to real estate in Pennsylvania its determination depends primarily upon the law of that state. The Supreme Court of Pennsylvania has expressed itself upon the law of tenancy by entireties in several cases of which Beihl v. Martin, 236 Pa. 519, 84 Atl. 953, 42 L. R. A. (N. S.) 555, and Fleek v. Zillhaver, 117 Pa. 213, 12 Atl. 420, are perhaps the leading ones. In Fleek v. Zillhaver, the court recognized the estate as it existed at common law

—an estate per tout et non per my—and held that the interests of husband and wife in such an estate may be the subject of lien, and that upon the death of either the lien against the survivor may be enforced. It is to be noted that the court did not rule that there can be a severance in ownership in any other way than by death of one or the other of the parties, or by voluntary alienation by both.

In Beihl v. Martin, the same court, after discussing the origin and nature of an estate by entireties, held that while a judgment against *either* husband or wife would create a lien against the expectancy of the judgment debtor in the estate, it is not enforcible against one spouse to the injury of the other during the running of the estate but is enforcible only when, upon survivorship, the expectancy ripens into a realized fact. Continuing, the court said that such a lien is nevertheless subject to be divested by a subsequent conveyance in which both have joined.

This rule of law does not quite reach the question in this case. Realizing this the appellant has resorted to and relies upon an expression of the court in the same opinion where, in making it clear that neither husband nor wife, acting separately, can divest himself or herself of any part of such estate—the interest of each being in the whole and not in moieties—without in some way infringing upon the rights of the other, the court said:

"By their joint act they admittedly have the right to sell and dispose of the whole estate; by their joint act they may strip the estate of its attributes and create a wholly different estate in themselves."

The appellant maintains that the phrase "their joint act," on which alone it finds foothold, is not limited to a joint act of alienation or of mortgage, or of entering into a joint obligation for the enforcement of which the law gives a joint judgment, but that it extends to transactions where husband and wife, though acting separately, have in effect entered into one obligation and in that sense have acted jointly. Assuming that when the court said that by their joint act husband and wife may dispose of their whole estate or strip it of its attributes, it intended that this right of joint action extends as well to encumbering their estate, the courts of Pennsylvania leave us still confronted with the question of what is a joint act, namely; whether it must be one act in which both husband and wife presently join or may be separate acts arising out of one transaction? If the former, the complainant in this case must prevail on the undisputed fact of separate acts; if the latter, we must go to the evidence and search the facts for a joint origin of their separate acts. In the absence of light from Pennsylvania courts on a matter peculiarly within their jurisdiction, we shall not decide which is the proper rule of property in that state but shall discuss the evidence and decide the case from the position of common origin insisted upon by the appellant.

What happened was this: A. Hupfel's Sons obtained separate judgments against Bernard Lucke and Marie Lucke in the same court on the same day in the same amount on separate obligations growing out of a common business difficulty. To cover an existing indebtedness Bernard Lucke gave A. Hupfel's Sons his bond in the sum of $5,500

secured by a chattel mortgage upon a lease of certain premises. This indebtedness was further increased by the purchase of beer. There was default in payment. On foreclosure of the chattel mortgage, A. Hupfel's Sons credited the proceeds upon the bond and instituted suit for the balance, resulting in the judgment against Bernard Lucke. In view of the business difficulties of her husband, Marie Lucke, evidently intending to take over his saloon, entered into an obligation with A. Hupfel's Sons whereby she assumed the payment of her husband's indebtedness if it would advance to her money with which to obtain a liquor tax certificate. She, also, defaulted and it was upon this instrument that the judgment was recovered against her. The appellant maintains that the two judgments were based upon the same indebtedness and that in entering into separate obligations for the same indebtedness the two parties, husband and wife, performed a joint act which, though later reflected in separate judgments, falls within the rule which permits tenants by entireties, when acting together, to strip their estate of its attributes and make it liable for their obligations ahead of their right otherwise to alienate the property free of liens against either of them. Fleek v. Zillhaver, supra; Beihl v. Martin, supra. We doubt whether a common origin of separate debts based upon different considerations is the test of the "joint act" of which the court spoke in Beihl v. Martin. We are inclined to think that the joint act which the court contemplated is a joint act consenting to a change in the attributes of the estate in themselves and not their consent to antecedent transactions. However this may be, we fail to find joint action in any sense. Bernard Lucke, acting alone, gave a bond and chattel mortgage based upon a consideration of existing indebtedness. That was one transaction. Marie Lucke, desiring money with which to obtain a liquor tax certificate and embark in business for herself, assumed her husband's indebtedness. This obligation was based upon a consideration entirely unrelated to the consideration of her husband's obligation. That was another transaction. The obligations arising from these separate transactions were therefore not joint. They were separate, both in point of time and purpose. The husband's was original, the wife's secondary; the husband's absolute, the wife's conditioned upon his performance and upon payment of certain moneys by the obligee. If judgment had been recovered on one and not on the other the estate by entireties could not, in their lifetime, be reached by execution; and, similarly, their estate by entireties cannot be reached by execution on both judgments unless they arise from their joint act. The tenants were without doubt mutually interested in the transactions which resulted in the two judgments. But mutuality of interest in separate transactions out of which have grown separate obligations based upon different considerations does not amount to joint action within our understanding of the law of Beihl v. Martin. We are therefore constrained to hold that the facts do not sustain the rule even as the appellant has interpreted it. Accordingly the decree below is affirmed.