## Hamer v. Kinnan.

*Peelor & Feit,* for plaintiff; *Samuel W. Miller,* for defendant.

LANGHAM, P. J., March 27, 1931.—This case came on to be heard by argument of counsel for opinion of the court on a case stated, with the right reserved to each to appeal. . . .

[By deed dated May 18, 1927] John S. Kinnan and Hattie S. Kinnan, his wife, became the owners of two certain lots of land in Burrell Township, Indiana County, Pennsylvania, which constitute the subject of this action. The said real estate was held by John S. Kinnan and Hattie S. Kinnan, his wife, as tenants by the entirety, and continued to be so held by them until January 7, 1929, the date of the tragedy.

On said January 7, 1929, John S. Kinnan did wilfully kill and murder his said wife and daughter, an only child, the wife surviving the child for a brief period.

The defendant, John S. Kinnan, was convicted of murder of the first degree and sentenced to life imprisonment.

The question, therefore, for us to determine is whether John S. Kinnan, under the foregoing recited facts, takes title to the whole or any part of the real estate in controversy, or does Mrs. Clemmie Hamer, plaintiff, the mother and only heir of Hattie S. Kinnan, deceased, take title to the whole or any part thereof?

The theory of the law is that both husband and wife were seized of the entire estate before  the commission of his crime and before the death of his wife, and that the law fixes no penalty of forfeiture for defendant's crime.

As to the title by entireties, we cite 2 Blackstone's Commentaries, 182, as follows: "If an estate in fee be given to a man and his wife, they are neither properly joint-tenants nor tenants in common: for husband and wife being

considered as one person in law, they cannot take the estate by moieties; but are both seized of the entirety per tout et non per my, . . . the consequence of which is, that neither the husband nor the wife can dispose of any part without the assent of the other, but the whole must remain to the survivor." And the Supreme Court of Pennsylvania in the case of Stuckey *v.* Keefe's Executors, 26 Pa. 397, says, *inter alia:* "A conveyance to husband and wife creates neither tenancy in common nor a joint tenancy. The estate of joint tenants is a unit made up of *divisible parts;* that of husband and wife is also a unit, but is made up of *indivisible parts.* In the first case there are several holders of different moieties or portions, and upon the death of either, the survivor takes a new estate. He acquires by survivorship the moiety of his deceased co-tenant. In the last case, although there are two *natural* persons, they are but one person in *law,* and upon the death of either, the survivor takes no new estate. It is a mere change in the properties of the legal person holding, and not an alteration of the estate holden. The loss of an adjunct merely reduces the *legal* personage holding the estate to an individuality identical with the *natural* person. The whole estate continues in the survivor the same as it would continue in a corporation after the death of one of the corporators. This has been the settled law for centuries." And also in the case of Beihl *v.* Martin, 236 Pa. 519: "Fundamentally the estate [of tenants by the entirety] rests on the legal unity of husband and wife; it is therefore a unit, not made up of divisible parts subsisting in different natural persons, but is an indivisible whole, vested in two persons actually distinct, yet to legal intendment one and the same. Each is seized of the whole estate from its inception, and upon the death of one, while the right of survivorship remains to the other, that other takes no new title or estate."

Also, in Beddingfield et al. *v.* Estill et al., decided by the Supreme Court of Tennessee and reported in 118 Tenn. 39, 9 L. R. A. (N. S.) 640, quoting from the syllabus: "The murder by a man of his wife, with whom he holds an estate by entireties, has no effect upon his rights to the estate." In this same Tennessee case it is held: "A man holding an estate by entireties with his wife does not, upon her death, inherit it from her, within the meaning of a statute which provides that anyone who shall feloniously kill anyone from whom he would inherit property shall forfeit all right thereto." And that brings us to a consideration of certain provisions of the Pennsylvania statutes.

The Wills Act of June 7, 1917, P. L. 403, section 22, provides: "No person who shall be finally adjudged guilty, either as principal or accessory, of murder of the first or second degree, shall be entitled to take any part of the real or personal estate of the person killed, as devisee or legatee, or otherwise, under the will of such person."

The Intestate Act of June 7, 1917, P. L. 429, section 23, provides: "No person who shall be finally adjudged guilty, either as principal or accessory, of murder of the first or second degree, shall be entitled to inherit or take any part of the real or personal estate of the person killed, as surviving spouse, heir, or next of kin to such person under the provisions of this act."

It is clear that a person found guilty of murder since the passage of the above-recited acts of assembly cannot acquire any interest in the property of his victim, either under the will of such person or under the Intestate Act. The defendant in the case at bar is not claiming any property of his wife either by will or under the intestate law; but he does claim the real estate which was acquired, during the lifetime of his wife, by them as tenants by the entirety. It has been uniformly held by appellate courts in all

the other states, so far as we are informed, that where land is conveyed to husband and wife to hold by entirety, the survivor, upon the death of the other, takes and becomes vested of the entire estate—a fee simple—by virtue of the grant or deed conveying the property to them; the interest of the deceased being terminated by his or her death.

We cannot read into the acts of 1917, just quoted, any legislative intent to break down the law of entireties as cited herein, much as we would like personally so to do in this case.

The plaintiff here is the mother and only heir of defendant's deceased wife, Hattie S. Kinnan, and if the plaintiff has any title to the lands in controversy upon which to base her action of ejectment, it must be inherited from her daughter, and we hold that Hattie S. Kinnan, deceased, under the law herein cited, left no inheritable interest in the lands in controversy.

The court is of the opinion that the defendant, John S. Kinnan, takes the whole of the lands as tenant by entireties.

### Decree.

And now, March 27, 1931, this case stated came on to be heard by briefs submitted, and, upon due consideration thereof, the court is of the opinion that the defendant, John S. Kinnan, takes the whole of the lands described in the præcipe and writ as tenant by entireties; therefore, judgment is hereby entered in favor of the defendant. Costs to be paid by plaintiff.

From James L. Jack, Indiana, Pa.