KATHRYN M. WOOD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 53879.  Promulgated September 26, 1932.

*Harry S. Harned, Esq.,* for the petitioner.

*James K. Polk, Jr., Esq.,* and *Harold F. Noneman, Esq.,* for the respondent.

OPINION.

MARQUETTE: The respondent's theory is that the petitioner and her husband each took the entire estate in the property they jointly purchased in 1923. It is admitted that tenancies by the entirety have not been recognized in Illinois since 1881, and that the property was acquired in joint tenancy. But the respondent contends that where, as here, one cotenant does not exercise his right to convey his interest in the joint tenancy, the *quantum* of interest held is the same as in a tenancy by the entirety.

We can not agree with that contention. The estate of tenants by the entirety is a unit, made up of indivisible parts, while the estate of joint tenants is a unit made up of divisible parts. In the latter there are two or more holders of different moieties or portions. Upon the death of a cotenant a new estate is taken by the surviving cotenants, who thus acquire the moiety of the deceased person. *Beihl* v. *Martin*, 236 Pa. 519; 84 Atl. 953; *United States* v. *Provident Trust Co. of Pennsylvania*, 35 Fed. (2d) 339; *Getty* v. *Hupfel's Sons*, 299 Fed. 939. The same distinction was made by the Circuit Court of Appeals for the Seventh Circuit in *United States* v. *Robertson*, 183 Fed. 711, respecting property in Illinois.

When petitioner's cotenant died the Revenue Act of 1924 was in force with respect to estate taxes. That act declares:

SEC. 301. (a) * * * a tax * * * is hereby imposed upon the transfer of the net estate of every decedent * * *.

SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property * * *.

* . * * * * * *

(e) To the extent of the interest therein held as joint tenants by the decedent and any other person, or as tenants by the entirety by the decedent and spouse * * * except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than a fair consideration in money or money's worth: * * *

Under that statute the incidence of tax attaches upon the transfer of a decedent's estate. In the present case the estate tax was paid with respect to the transfer of one-half interest in the real property of which petitioner and the decedent had been joint tenants. It is undisputed that each had paid one-half the purchase price and there is no contention that petitioner received any part of the property from her cotenant during his life " for less than a fair consideration in money or money's worth." Hence, in levying an estate tax upon the decedent's interest in the jointly held property, the respondent recognized that a transfer of property took place upon decedent's death. Then, but not until then, petitioner acquired the one-half

interest subject to the estate tax. It is quite evident that if property was first acquired in 1926 upon, and by reason of, the death of a cotenant, the recipient had not acquired the same property in 1923 by purchase.

The Revenue Act of 1928, section 113, provides that the general basis for determining gain or loss from the sale of property acquired after February 28, 1913, shall be the cost of such property. Exceptions are made in respect of gifts, transfers in trust, tax-free exchanges, and property transmitted at death. The latter exception provides that where property is received by bequest or devise, or by intestacy, its fair market value at the time of decedent's death or, in certain instances, at the time of distribution to the taxpayer, shall be the basis. In the section referred to there is no specific mention of property acquired, as here, by right of survivorship. The exception, however, deals in general with property transmitted at death. Here, death of the cotenant was the generating source from which sprang petitioner's full rights in one-half the property. Or, as it was stated in *Saltonstall* v. *Saltonstall*, 276 U. S. 260, the cotenant's death brought about "a shifting of the economic benefits and burdens of property" out of which arises the incidence of tax. The purpose of the statute was to provide a fair and proper basis upon which to compute gain or loss arising from the sale of property acquired at or because of the death of another. In our opinion the present case falls fairly within the scope of the provision that the fair market value at the time of the decedent's death, the date of petitioner's acquisition of one-half the property, is the basis to be used. We are not unmindful of the rule "*expressio unius est exclusio alterius.*" But, as one writer says, that rule "is not to be taken as establishing a Procrustean standard to which all statutory language must be made to conform. On the contrary, it is useful only as a guide in determining the probable intention of the legislature * * *." Black on Interpretation of Laws, p. 146.

It is our judgment that petitioner adopted the correct basis for computing gain upon the sale of the property.

*Decision will be entered under Rule 50.*