## Commonwealth v. McLaughlin et al.

*George D. Kline,* for Commonwealth.
*John Pemberton Jordan,* for defendants.

BONNIWELL, J., November 11, 1945.—The Commonwealth invoked the remedy provided by The Support Law of June 24, 1937, P. L. 2045, and caused a warrant of seizure to issue against the joint bank account of defendant and his wife, with the Philadelphia Saving Fund Society, to provide necessary funds for the support of the wife of defendant and her children.

The answer of the garnishee sets forth that the account, in the names of defendant and his wife, by the entireties, is not subject to warrant of seizure for the purpose of a support order for the wife.

The act, pursuant to which the warrant of seizure was issued, is known as The Support Law. The pertinent portion thereof reads:

"Section 7. Seizure of Property of Deserters. (*a*) If any man shall separate himself from his wife without reasonable cause, or shall desert his children . . . leaving them to be publicly cared for or assisted, any magistrate, alderman or justice of the peace of the county, upon complaint made by public body or public agency, may issue his warrant authorizing the taking and seizure of so much of the goods and chattels . . . or of any sums due, as in the judgment of the said magistrate, alderman or justice of the peace shall be sufficient to provide for such wife and to maintain and bring up such children . . ."

Subdivision (*c*) provides:

"The court may make an order for the payment of such sums as it shall think reasonable for the maintenance of the deserted person, and may authorize the public body or public agency to dispose of the said goods and chattels by sale, or otherwise . . . in the judgment of the court shall be sufficient to provide such maintenance."

Prior to the passage of this act, real property held by the entireties could be sold to enforce a support order, under the Acts of June 11, 1913, P. L. 468, and May 24, 1923, P. L. 446.

"An estate by entireties may always be destroyed by agreement of the parties. Berhalter v. Berhalter, 315 Pa. 225, 173 A. 172. A wife may pay her husband's debts and may use borrowed money or pledge her property for that purpose: Newhall v. Arnett, 279 Pa. 317, 123 A. 819. A husband and wife, by their joint act, have the right to sell or dispose of their estate; by their

joint act they may strip the estate of its attributes and create a wholly different estate in themselves. Beihl v. Martin, 236 Pa. 519, 84 A. 953. Cf. A. Hupfel's Sons v. Getty, 299 Fed. 939. Or their personal property may be sold by them and if the wife agree, title by entireties may be destroyed and the proceeds may be applied to the payment of the husband's debts: Cf. Hastings Bank of Hastings v. Covitch, 324 Pa. 171, 188 A. 129." Kauffman v. Stenger et al., 151 Pa. Superior Ct. 313, 315.

By her affidavit of October 2, 1945, for the warrant of seizure, Josephine M. McLaughlin, wife of defendant, freed her interest in the joint account of the restraint imposed by law and made it subject to seizure, as the property of defendant, under The Support Law of 1937, for the support of herself and her children.