# Tyler v. Edes

*Carl E. Forrer,* for plaintiff.
*Howard Garbeil,* for defendant.

deFURIA, *J.*, December 17, 1975—Plaintiff began this action to quiet title. After an answer, new matter and reply were filed, plaintiff filed a motion for summary judgment on the pleadings, which is before us for disposition.

Plaintiff and his late wife purchased premises, 29 East Fairview Avenue, Lansdowne, Pa., by deed dated September 12, 1958, as tenants by the entireties.

Plaintiff was adjudicated a bankrupt in New Jersey on July 27, 1972, and discharged on December 8, 1972.

Plaintiff's late wife was not a party in the bankruptcy nor was she adjudicated a bankrupt.

On May 1, 1973, the trustee in bankruptcy for plaintiff sold, before the referee in bankruptcy, plaintiff's interest in premises 29 East Fairview Avenue, Lansdowne, Pa., to defendant, delivering a quit claim deed therefor on July 16, 1973. The bankruptcy proceedings and sale occurred in the State of New Jersey.

Plaintiff's late wife did not join in the sale or in the deed to defendant.

Plaintiff's wife died on August 13, 1973, and plaintiff died intestate on June 6, 1974, leaving three children, who have been substituted of record as parties to this action.

Plaintiff contends the action of the trustee in selling and conveying the alleged "interest" of plaintiff to defendant was a nullity.

Whether a conveyance transfers an interest in land and the nature of the interest transferred are determined by the courts of the situs. These courts would usually apply their own local law in determining such questions: Restatement, 2d, Conflict of Laws, §223.

Whether an interest in land has been transferred by the exercise of a power created by operation of law and the nature of the interest transferred are determined by the law that would be applied by the courts at the situs. These courts would usually apply their own local law in determining such questions: Restatement, 2d, Conflict of Laws §231.

The power of a trustee in bankruptcy to sell real estate in Pennsylvania held as tenants by the entireties is no different than the power of the bankrupt spouse. Each must have the written consent of the spouse to effectuate a sale: section 70(a) Bankruptcy Act of July 1, 1898, 30 Stat. 556, as amended (Comp. St. §9654); Act of April 11, 1848, P.L. 536, 48 PS §64.

". . . Nothing can be taken in execution and sold as the property of a debtor except property over which the debtor has the right of disposition by sale or otherwise. If, then, the husband cannot sell or dispose of his expectancy of survivorship, it follows that it may not be taken in execution. By this

reasoning we reach the conclusion that the lien on the expectant interest of the husband becomes enforceable only when the expectancy ripens into a realized fact; then execution is not upon an expectancy but upon an actual estate.": Beihl v. Martin, 236 Pa. 519, 84 Atl. 953 (1912).

In re Flynn, 1 F. 2d 566 (W.D.Pa. 1924), a husband became bankrupt at a time when he and his wife were seized as tenants by the entireties of certain land in Pennsylvania on the date of the filing of the petition in bankruptcy, and prior to the husband's discharge in bankruptcy, his wife died. It was held the trustee had the equivalent of a judgment lien against the husband's interest in this estate, which was held by the bankrupt and his wife by entireties, and could not execute that lien during the life of the wife.

It seems clear then, the act of the trustee in selling to defendant plaintiff's interest in the real estate situate in Pennsylvania was a nullity and the quitclaim deed conveyed nothing to defendant.

Wherefore, we make the following

## ORDER

And now, December 17, 1975, plaintiff's motion for summary judgment is granted, and defendant is forever barred from asserting any right, lien, title or interest in the land inconsistent with the interest or claim of plaintiff set forth in his complaint, unless defendant files exceptions to this order within 30 days hereafter. If such action is not taken within 30 days, the prothonotary on praecipe shall enter final judgment.