GETTY v. A. HUPFEL'S SONS.

(District Court, E. D. Pennsylvania. September 7, 1923.)

No. 2807.

1. Judgment ⊚⟳780(1)—Husband and wife, holding title to real estate with right of survivorship, may convey free from lien of judgment against either.

Under the law of Pennsylvania, as settled by decision, title to real estate, which is in a husband and wife and the survivor of them, may be conveyed by them unaffected by judgments against either.

2. Execution ⊚⟳171(4)—Injunction granted to restrain levy and sale of land on judgments against complainant's vendors.

Where the law is settled that real property, title to which is in complainant, is not subject to levy and sale under judgments against complainant's vendors, an injunction may properly be granted to restrain the judgment plaintiff from issuing execution and making such sale, as an abuse of legal process.

In Equity. Suit for injunction by Marget Getty against A. Hupfel's Sons, a corporation. Injunction granted.

Peck, Peck & Woolsey, of Philadelphia, Pa., for plaintiff.
L. Albert Gray, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. This cause came on as a motion for a preliminary injunction. It developed, however, that there were no facts in controversy, and that the sole question was one of law. Accepting this situation, the parties have stipulated the facts and submitted the cause for final decree as upon a trial hearing on bill, answer, and proofs.

Fact Finding.

There are three pertinent facts out of which the question of law to be determined arises. These facts are:

(1) The title to the real estate, premises No. 4451 North Seventh street, in the city of Philadelphia, was vested in Bernard Lucke, Jr., and Marie Lucke, his wife, in such manner as that their estate therein was one to which the right of survivorship attached unaffected by the Pennsylvania Act of Assembly abolishing survivorship in other kinds of joint estates.

(2) A. Hupfel's Sons, the defendant, a corporation, obtained, on August 8, 1922, a judgment against Bernard Lucke, Jr., and on the same day another judgment against Marie Lucke, both of which were duly entered of record in Philadelphia county, whereby the liens of the judgment attached to any real estate interest which either of the defendants in these respective judgments had.

(3) On September 18, 1922, Bernard Lucke and his said wife made a bona fide conveyance of the premises above mentioned to Marget Getty, the plaintiff, for a valuable consideration.

The Question Involved.

The plaintiff in these judgments has issued or is about to issue executions upon these judgments, to levy upon, condemn, and sell the said

premises as the property of the said Bernard Lucke, Jr., and his wife, and of both. The plaintiff, viewing this as the unjustified casting of a cloud upon her title, and, because of this, an abuse of the process of the court, asks that the plaintiff in these executions be restrained. The final question thus raised is, of course, whether such injunction should issue. Whether it should or should not depends upon the answer to other underlying questions, the controlling one of which is whether the title of the plaintiff to the property conveyed to her is so clearly not subject to the lien of the judgments above mentioned as that the assertion of such a lien by the plaintiff in the judgments would be an abuse of process.

Before this question can be answered, the nature and character of the estate conveyed to this husband and wife must be determined. Inquiry into this thus becomes basic. The inquiry is basic, because, if the result were unfavorable to the plaintiff, it would be the denial of any cause of action she might have. It is not wholly basic in another sense because, even if the result of the inquiry be favorable to the plaintiff, there yet remains the subsidiary question of the right of the defendant to assert any bona fide claim of right, even if successful assertion appears hopeless. We thus reach the final question in the cause as above announced.

## Discussion.

Back of every question of law lies the cui bono proposition of its practical application. The real grievance of the plaintiff here is the existence of a cloud upon her title. Whether this cloud has substance depends upon whether these judgments are liens upon the husband and wife title. If they are liens, their existence is an obstacle to a conveyance of the property by the plaintiff, and if they are not liens, a sheriff's vendee under an execution issued upon these judgments will take no title. It follows that the plaintiff decided for herself that the judgments were not liens when she accepted the conveyance to her. The cloud arising out of the existence of the judgments would be no greater when the plaintiff comes to convey than it was at the time of the conveyance to her, and a sale under an execution would work no change in the legal merits of the question of lien.

In one phase of the practical situation, indeed, the plaintiff would be in a more advantageous position after execution than before, because as against a sheriff's vendee she could force a decisive ruling of the whole question, while the cloud of the possible lien of the judgments might rest upon the title for five years from the date of their entry. In another phase of the practical situation, the position of the plaintiff would be much the worse after a sale under an execution than before, for the reason that, if the contest was waged in a scire facias to revive the lien of the judgment, the practical consequences of the defeat of the present plaintiff would be that she must pay the amounts of the judgments, whereas a like defeat in an action of ejectment would be that she would lose the entire property. This practical difference is a matter of importance, yet theoretically there would be no difference, because, as before intimated, the very same question would arise in

the scire facias proceeding as in ejectment. The case presents two principles or doctrines of law, which in their application come into conflict. One is that one who has a claim of right which he bona fide, although mistakenly, entertains, has the additional right to assert that claim in an appropriate action. The other is that the process of the court cannot without abuse be used to assert a claim against another, when it has been settled that the successful assertion of the claim is hopeless.

What we have called the basic question rests upon a proposition which is somewhat startling. A man cannot acquire real estate without subjecting it to the claims of any creditors he may have. The property does not become immune by the title being taken by the wife. If, notwithstanding by whom the legal title may be held, the husband has an interest in the property, whatever interest he has in it is subjected to the right of the creditors to judgment, execution, levy, and sale. If the property is really the property of the wife, and the husband has no interest therein, the property is none the less answerable for the debts of the wife, if she had any.

[1] The proposition advanced comes to this: That, if there is resort to the device of putting the title in the name of both husband and wife, then it becomes immune from the claims of creditors of the husband and also claims of the creditors of the wife, and no creditors of either can secure a lien by judgment or the levy of an execution. Is this the so clearly settled law of Pennsylvania as that a challenge of it by execution must be found to be an abuse of the process of the court? The plaintiff confidently asserts such to be the law, and in support thereof cites the case of Beihl v. Martin, 236 Pa. 519, 84 Atl. 953, 42 L. R. A. (N. S.) 555. That was a case stated, the evident purpose of which was to have the court settle the title to a property which had been agreed to be conveyed. The title was in a husband and wife, who were seized of the kind of an estate with which we are concerned. The ruling made was not based strictly upon the facts of the case, but it was that a husband and wife seized of such an estate might convey a good title, free and clear of all incumbrances, notwithstanding the fact that judgments existed against the husband, and also notwithstanding that in the earlier case of Fleek v. Zillhaver, 117 Pa. 213, 12 Atl. 420, it had been held that judgments against a husband were liens upon the estate by survivorship which might subsequently come to him.

We have before us a state of facts which in one respect differs from the facts in the case upon which reliance is placed by the plaintiff. There the judgments were against the husband alone. Here there are judgments against both, although the judgments are not joint. If neither the judgment creditors of the husband nor the judgment creditors of the wife, as against the alienee of both, have any lien against the property, it is difficult to understand how the two nothings become anything. On the other hand, if, as was ruled in the Fleek Case, the judgment creditors of the husband had a lien against the interest of the husband because of the expectation of his survivorship, and the

creditors of the wife had a like lien, then if the judgment creditor is the same, it is difficult to understand why such a creditor does not have a lien upon an expectancy which becomes reduced to a certainty because one or the other must survive. The Beihl Case, however, would seem to meet the very point thus presented, because it holds that the husband and wife may convey free of the lien of a judgment, notwithstanding that the lien is recognized to exist, and notwithstanding that the interest against which it is a lien may ripen into a certainty. If one had contracted to purchase the title of the present plaintiff, and the court were asked to determine whether the title was a good, marketable one, clear of all incumbrances, we would feel bound by the Beihl v. Martin Case to hold that such a contract could be enforced.

[2] The sole remaining question is whether the plaintiff is entitled to the injunctive remedy. We are inclined to the view that she is. This is based upon the thought that no injustice is visited upon the defendant by so ruling, but a real benefit is conferred. This is for the reason that, if the present plaintiff holds title free and clear of the liens of the judgment, a decree now will decide the question involved, without subjecting the present defendant to the expense and trouble of an execution and trial of an ejectment, because we can now meet and decide the very question which an ejectment issue would raise. The case involves a question of title to Pennsylvania real estate. The ruling of the state courts should in consequence control any judgment which we might reach. In deference we have determined the question wholly on the authority of Beihl v. Martin, as we have interpreted the ruling there made. We assume, and have every reason to believe, that it is the desire of both parties to fairly face and meet the question of lien and of title upon which their respective claims of right rest.

The rule laid down by the state courts is one of property. To have any value it must be definite and be followed. The rule, as we interpret the Beihl Case, is that real estate held by a title which has this incident of the right of survivorship may be conveyed by a husband and wife unaffected by judgments against either. It follows that the process of the court should not be loaned in aid of the harassment of the alienee by such judgment creditors.

A decree in conformity with this ruling may be submitted.