## Commonwealth v. Silvestro et ux.

*Goff & Rubin,* for Commonwealth.

*Thomas J. Curtin* and *T. G. Leomporra,* for defendants.

FLOOD, J., March 10, 1954.—This is a suit in assumpsit against the parents of Daniel Silvestro, who is feeble-minded and has been maintained since November 1, 1940, at Pennhurst State School, in Chester County, Pa. The State seeks to recover maintenance in the sum of $3,774.84.

The parents have three other children of whom one is feeble-minded and institutionalized, a twin of the boy in Pennhurst, and the other two are about 22 and 14 years of age, respectively. The father appears to earn about $77 per week and defendants own in the entireties a house valued at $5,000, upon which there is a mortgage of $300.

The suit is under the Act of June 1, 1915, P. L. 661, sec. 3, as amended, 71 PS §1783, which provides that "the husband, wife, father, mother . . . of any . . . inmate of any . . . institution, maintained . . . by the Commonwealth . . . and who is legally able so to do shall be liable to pay for the maintenance of any such person".

The municipal court has imposed a $40 per month order on the father for the present maintenance of the son. In view of this it appears that defendants are not financially able to pay for the past support of the son unless that support comes from the property owned by the entireties. The mother has no income and is unable to maintain the son except out of the proceeds of the same property.

Our problem, then, is whether the property owned in the entireties can be subjected to the payment of the liability of either the mother or the father, or of both. It is to be noted that the act does not make them jointly liable. A subsequent clause of section 3, added by the Act of May 10, 1921, P. L. 438, provides for joint liability when one of the spouses is institutionalized. It reads:

"Whenever either of the owners of any property held by entireties shall be maintained in any institution as aforesaid, and the separate property of such inmate shall not be sufficient to reimburse the Commonwealth, such property held by entireties shall be liable for the same to the extent of any order that any court of record of this Commonwealth may make

against the spouse of such inmate, either during the lifetime of such inmate or after his or her death. The liability for the support of such inmate is hereby declared to be the joint liability of such owners to the extent of such order and enforcement against their joint as well as their several properties."

The legislature has provided in clear terms for joint liability in only this one situation. From its silence as to joint liability in any other situation we can infer that no such liability was intended.

In the case of an institutionalized husband or wife, the Commonwealth may recover against the inmate's property under section 1 of the Act, 71 PS §1781, or recover against his spouse under section 3, supra. It could therefore get separate judgments against both the inmate and the spouse. If this were sufficient to warrant recovery against property held by the entireties it would not have been necessary to specifically provide for such recovery and for a joint judgment in section 3. Since it was thought necessary in that situation, we cannot infer a right to recover against property held by the entireties where it is not specifically provided for, and where no joint liability is specifically imposed upon the parents. In Pennsylvania property held by the entireties cannot be subjected to the satisfaction of individual debts of the spouses even though the same creditor holds individual judgments against both of them: Getty v. A. Hupfel's Sons, 292 Fed. 178 (1923), aff. 299 Fed. 939 (1924). See Beihl v. Martin, 236 Pa. 519 (1912); Schweitzer v. Evans, 360 Pa. 552 (1949).

Apparently the Commonwealth seeks only a joint judgment. If so, it cannot succeed in its action. In any event, since we cannot consider the property held by the entireties, neither defendant is legally able to pay.

The complaint is dismissed.