# Owens v. Naughton, Appellant.

*Trusts and trustees—Active trust—Discretion of trustee—Survivorship—Partition.*

A trust is active when the interposition of the trustee is necessary to carry out its purpose, with respect to immediate or remote beneficiaries; as the investment and care of property, a provision for a spendthrift or a person not sui juris, the maintenance of a separate estate for a wife, the preservation of estates for those in remainder, the exercise of discretionary powers respecting the subject of the trust, etc.

A testatrix gave her real estate to a trustee named " to hold the same in trust for the following purposes: to keep the house as a home for my two nieces, so long as in his judgment and discretion they can live together therein in peace and concord. The taxes, water rent and repairs of said property to be provided for and paid by my said nieces. If in the judgment and discretion of my trustee it will be for the best interest of said nieces' estate to sell and dispose of said property, then I authorize and empower him to sell the property at a private or public sale for such price or sum as he may deem adequate therefor, without any liability on the part of the purchaser to see to the application of the purchase money and free and discharged from any trust; and when said property shall be sold the proceeds thereof shall be divided equally between my said two nieces. If one shall be deceased at the time of such distribution then the whole sum shall be paid over to the survivor." *Held*, that the trust created by the will was an active one and that the nieces had no such an estate in the property as entitled either one of them to demand partition of it.

640        OWENS *v.* NAUGHTON, Appellant.

Statement of Facts—Opinion of the Court.    [23 Pa. Superior Ct.

Argued Oct. 12, 1903.   Appeal, No. 122, Oct. T., 1903, by defendants, from decree of C. P. No. 5, Phila. Co., March T., 1903, No. 1337, on bill in equity in case of W. Creighton Owens v. Bernard X. Naughton and Julia V. Naughton, his Wife.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Reversed.

Bill in equity for partition.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in overruling demurrer and entering a decree in favor of plaintiff.

*Edmund Randall*, for appellants.—Where land is devised to a trustee to sell and divide the proceeds, the cestui que trust takes no such estate as will be subject to a partition : Hutchison's App., 82 Pa. 509.

The trust under the will is not such a dry or passive one as would be executed by the statute of uses, and therefore vests the legal title in the cestui que trust: Kuhn v. Newman, 26 Pa. 227 ; Dodson v. Ball, 60 Pa. 492.

*Henry B. Hodge*, with him *Thomas J. Martin, Jr.*, for appellee.—Clearly the trust here is a dry or passive trust and consequently falls, the legal title vesting in the cestui que trustent without more : Kay v. Scates, 37 Pa. 31 ; Tucker's App., 75 Pa. 354 ; Rea v. Girard Life Ins., etc., Co., 16 W. N. C. 48 ; Megaree v. Naglee, 64 Pa. 216 ; Rodrigue's App., 22 W. N. C. 358 ; Yarnall's App., 70 Pa. 335 ; Williams's App., 83 Pa. 377 ; Carson v. Fuhs et al., 131 Pa. 256 ; Eshbach's Est., 197 Pa. 153 ; Boyd's Est., 199 Pa. 487.

OPINION BY SMITH, J., December 19, 1903 :

The distinction between passive and active trusts is well settled.   A trust is passive when the trustee has no duty to perform, or when the trust serves no purpose, or none that would not be equally served without it.   An illustration of this is a conveyance to A to the use of B.   Here A is charged with no duty, and no purpose is served by investing him with the legal title that would not be equally served by placing the title

in B. In such cases the statute of uses executes the use, by converting it into a legal estate in the beneficiary. A trust is active when the interposition of the trustee is necessary to carry out its purpose, with respect to immediate or remote beneficiaries; as the investment and care of property, a provision for a spendthrift or a person not sui juris, the maintenance of a separate estate for a wife, the preservation of estates for those in remainder, the exercise of discretionary powers respecting the subject of the trust, etc. The reported cases abound in illustrations of the conditions under which a trust is active. A number of these are cited in Barnett's Appeal, 46 Pa. 392; and in Dodson v. Ball, 60 Pa. 492, the preceding decisions on the subject are referred to, and the course of judicial opinion is reviewed. The conclusions reached in these cases have since been repeatedly affirmed, and the law is now well settled in conformity therewith.

The case before us arises under the following provision of the will of Mary St. John: "I give and devise to James A. Flaherty my real estate situate at No. 1314 Stiles street, in the city of Philadelphia, to hold the same in trust for the following purpose, to keep the house as a home for my two nieces, Julia V. Naughton and Adelaide Connor, so long as in his judgment and discretion they can live together therein in peace and concord. The taxes, water rent and repairs of said property to be provided for and paid by my said nieces. If in the judgment and discretion of my said trustee it will be for the best interest of said nieces and estate to sell and dispose of said property, then I authorize and empower him to sell the property at private or public sale for such price or sum as he may deem adequate therefor, without any liability on the part of the purchaser to see to the application of the purchase money and free and discharged from any trust; and when said property shall be sold the proceeds thereof shall be divided equally between my said two nieces. If one shall be deceased at the time of such distribution then the whole sum shall be paid over to the survivor."

The question involved in the case is whether the nieces have such an estate in the property devised that one of them can demand partition of it.

Among the essentials of such an estate are the right of

possession and the power of disposition. Those who cannot dispose of property, or hold possession of it, can divide neither the estate nor the possession. A partition creates no new right or title, but vests in each party, with respect to the purpart allotted to him, the right and title previously owned in common with respect to the whole. Without the right of possession in common, no right of possession in severalty can be acquired. But it is apparent here that the nieces of the testatrix have no absolute right of possession or title to the fee. Such right as they have is wholly subject to the discretion of the trustee; it continues only "so long as in his judgment and discretion they can live together therein in peace and concord." He can end their possession at any time when, in his judgment they cannot thus live together. As to the power of disposition, the will gives the nieces none whatever. This power is given to the trustee alone. Not only can he terminate their possession, in the exercise of his discretion respecting their manner of living together, but at any time when in his judgment and discretion it will be for the best interest of the nieces and the estate to dispose of the property, he can sell it. In short, the tenure of their estates in the land, and their possession, rest wholly in the discretion of the trustee. They are practically without dominion over the property.

Another reason why one of the tenants in common in this case cannot demand partition is that this would defeat the contingent right of survivorship given by the will. Upon a partition, each niece would take a purpart to be held in severalty, and freed from all claim by the other; a result not contemplated by the will. Should either die before the trustee considers it for the best interest of the nieces, and of the estate, to sell the property, the survivor is, by the provisions of the will, entitled to the whole.

While the nieces may occupy the property under the conditions fixed by the testatrix, the fee is not given to them, and apart from their qualified right of occupancy they have no interest in it as land. The will vests the fee in the trustee, for the purposes therein set forth, with no other limitation, and with no provision for divesting it except through a sale, to be made by himself at his own discretion. It contemplates no division of the property as land, and its purposes require that

the title remain in the trustee until, in his judgment, a sale should be made. Since it requires the distribution of the property as money, at a time resting in the discretion of the trustee, partition cannot be made of it as land at the demand of a beneficiary. Partition can be made only of the proceeds, upon the exercise by the trustee of the power to sell. This being the mode of division prescribed by the will, it excludes division by a partition of the land, or through a sale in partition if the land itself cannot be divided.

While the trustee has no active duties to perform with respect to the land, while it remains unsold, and forms a home for the nieces, he is charged with a discretion with respect to their occupancy, with the duty of making sale for the purpose of distribution, and with a discretion as to the time and manner of sale. Duties and discretionary powers of this character are sufficient to create an active trust. Such a trust is obviously necessary in order to carry out the intent of the testatrix as plainly expressed in the will. And the conveyance of her interest to a stranger, by one of the nieces, may indicate to the trustee a lack of the concord which the testatrix deemed essential to their occupancy, and lead him to regard a sale, pursuant to the will, as for their best interests and for the interest of the estate.

The decree overruling the demurrer is reversed, and the bill is dismissed, the costs to be paid by the appellee.