## C. I. T. Corporation v. Flint et al.

*Samuel Gorson,* for plaintiff.
*Frank Streeper, Jr.,* for defendants.

GORDON, P. J., May 17, 1938.—This is a bill in equity to set aside an alleged fraudulent conveyance. No testimony was taken, and the case has been submitted on an agreed statement of the facts, the following summary of

which will be sufficient to indicate the question presented · for our determination.

Plaintiff is a judgment creditor of defendant Flint, having recovered a judgment for $6,057.36 against him in 1933. On March 3, 1936, the alleged fraudulent conveyance was made by Flint and his wife to defendant Murphy. By it, the grantors conveyed, without consideration, premises 5708 Ridge Avenue, in the City of Philadelphia, which they held as tenants by the entirety, which is worth in the neighborhood of $50,000, and which is free of encumbrances. The property was conveyed to Murphy in trust for the grantors or the survivor of them during their lives, they to pay all the carrying charges of the property, and, on the death of both grantors, to convey the premises to the two daughters of the grantors, or their surviving children. The trust deed also contained a provision, "The grantors at any time hereby, expressly reserve to themselves the right to revoke this trust either in part or in its entirety, or from time to time to alter or amend the same in any manner that to them shall seem fit or proper, and this right shall extend to the survivor of the said grantors." When this alleged fraudulent conveyance was made, Flint was insolvent. Mrs. Flint was over 71 years of age, and was suffering from cancer. She had suffered a stroke in 1934, and died on October 16, 1936, approximately seven months after the conveyance, the immediate causes of her death being chronic myocarditis, hardening of the arteries, and apoplexy, and Flint has continued to occupy the property until the present time.

The question presented by the foregoing facts is whether a conveyance, without consideration, to a trustee under a dry trust, such as that created by the conveyance in this case, of a property owned by tenants by the entirety, one of whom is insolvent, is fraudulent and void as to creditors of the insolvent, when the conveyance is made in contemplation of the impending death of the other tenant, and for the manifest purpose of securing

to the insolvent, after the death of the other tenant, all the benefits of survivorship, without the vesting of a legal title in him which would be reachable by his creditors.

From the agreement submitted by the parties, we make the following

### Findings of fact

1. On October 5, 1933, complainant obtained a judgment against George Flint, defendant herein, in the sum of $6,057.36. The said judgment appears of record in Common Pleas Court No. 5, June term, 1933, no. 10616.

2. On October 5, 1933, George Flint, defendant herein, and Jane E. Flint, his wife, were the owners in fee, as tenants by the entirety, of a certain dwelling situated at 5708 Ridge Avenue, in the City and County of Philadelphia, the deed therefor being recorded in the office of the Recorder of Deeds in Philadelphia, in Deed Book E. L. T. no. 470, p. 130.

3. On March 3, 1936, George Flint and Jane E. Flint executed an instrument titled "deed of trust", conveying the aforesaid dwelling, 5708 Ridge Avenue, to J. Oliver Murphy as trustee.

4. On July 9, 1936, the aforesaid instrument was recorded in Philadelphia County in Deed Book D. W. H. no. 131, p. 312. A copy of this instrument is fully set forth as Exhibit "A", annexed to the petition filed by the complainant in this cause.

5. The aforesaid instrument bears the certificate of Frank J. Streeper, attorney, that the consideration is not over $100, and the certificate of George Flint, grantor, that the true value of the real estate, 5708 Ridge Avenue, is $32,500, and that there are no liens or encumbrances against it.

6. On March 3, 1936, George Flint was insolvent and has to this day continued to be insolvent.

7. On March 3, 1936, Jane E. Flint, wife of George Flint, defendant herein, was suffering from a disease, cancer.

8. On March 3, 1936, George Flint, defendant herein, knew of the physical state of the health of Jane E. Flint, his wife.

9. During 1934 Jane E. Flint suffered a stroke, was thereafter and for some time prior thereto under the care of a physician.

10. On October 16, 1936, Jane E. Flint died. At the time of her death she was 71 years, 10 months, and 10 days of age. The cause of death, as shown by the records of the Bureau of Vital Statistics, was: Chronic myocarditis, arteriosclerosis, apoplexy; contributory cause, edema of lungs.

11. On December 17, 1936, pursuant to an order for oral examination, issuing out, of Common Pleas Court No. 5, June term, 1933, no. 10616, George Flint, defendant herein, appeared in the said court before Judge Alessandroni for examination by complainant's counsel.

12. In the aforesaid proceeding George Flint testified, amongst other things, that he was insolvent. The notes of testimony in the said proceeding were filed in the court on September 10, 1937. The following excerpt is taken from the notes of testimony as filed, and recites the answers to questions propounded to George Flint, defendant herein, by Mr. Gorson, counsel for complainant:

"By Mr. Gorson:
Q. Where do you live?
A. 5708 Ridge Avenue, Roxborough.
Q. How long have you lived at that address?
A. About 33 years.
Q. Does that house belong to you?
A. No, sir.
Q. Did it belong to you?
A. No, sir.
Q. Do you have any interest in this house?
A. Joint interest, my wife and I.
Q. Still have that interest in that house?
A. It is under a trusteeship at the present time.

Q. Under whose trusteeship?

A. J. Oliver Murphy.

Q. Who is he trustee for?

A. For the property.

Q. For the property?

A. Yes, sir.

Q. How was that trust created?

A. Some time ago, because of my wife's illness. My wife had a stroke two and a half years ago, and, when this was done, of course, she passed away.

Q. At that time did you have a joint interest with your wife in that property?

A. Yes, sir.

Q. At that time a trust agreement was drawn and this man made trustee?

A. Yes.

Q. And subsequently your wife died?

A. On the 16th of October.

Q. Of this year?

A. This year.

Q. Any mortgages against the house?

A. No, sir.

Q. What is the value of the house?

A. I could not exactly state, because it cost I think about $18,000 to build originally.

Q. Do you know its appraised value?

A. There is no value on property.

The Court: What do you mean by appraised?

Q. Do you know the assessed value?

A. $31,000; it was originally $15,000."

13. George Flint and Jane E. Flint, his wife, jointly, occupied the property at 5708 Ridge Avenue from February 15, 1915, until the death of Jane E. Flint, and paid all taxes, water rent, interest on mortgages or other charges against the said premises.

14. Since the death of Jane E. Flint, George Flint, defendant herein, has continued to occupy said property at

5708 Ridge Avenue, assuming and paying all water rent, taxes, interest and other charges against said premises.

15. No sums whatever have at any time been paid by either George Flint, defendant, or by Jane E. Flint, wife of George Flint, during her lifetime, to J. Oliver Murphy, trustee, arising out of the use of said property at 5708 Ridge Avenue.

## Discussion

The Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045, under which this proceeding is brought, provides, in section 4: "Every conveyance made . . . by a person who is or will be thereby rendered insolvent, is fraudulent as to creditors, without regard to his actual intent, if the conveyance is made or the obligation is incurred without a fair consideration", and, by section 7: "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors."

The conveyance creating the trust in this case falls squarely within the ban of both of these sections of the Uniform Fraudulent Conveyance Act, supra, so far as it concerns the interest of defendant Flint in the property. Not only was it made without consideration by an actual insolvent, but it was also made in contemplation of the imminent death of his wife, by which the complete title would vest in him, and for the manifest purpose of hindering, delaying, and defrauding his creditors, present and prospective, in the collection of their lawful claims against him. Mrs. Flint was over 71 years of age, had lately suffered a stroke, and was then known to be the victim of a malignant and fatal disease. Her death in the comparatively near future, and before her husband, was an event the practical certainty of which furnished the motive and intent with which the conveyance was made. The mere fact that Mrs. Flint died from other

causes shortly after the deed was executed did not, of course, affect the situation that confronted defendant at the time, or render his purpose and intent any the less fraudulent as to his creditors. Indeed, when called for examination as a judgment debtor in the proceedings in which plaintiff had recovered its judgment against him, Flint practically admitted that the conveyance was made because of his wife's age and infirmities and for the fraudulent purpose indicated.

The provisions of the trust would themselves completely negative any suggestion that it was not created with an actual fraudulent intent. The entire beneficial interest in the property, including complete and absolute control over its disposition through the power of revocation reserved in the deed, is retained by Flint and his wife, and nothing but the bare legal title to the trust res is conveyed to the trustee. The husband and wife retain the substance of their tenancies, their equitable estates being the exact equivalent in beneficial use of the entireties which they originally owned, and, upon the death of both, the only duty resting upon the trustee is to convey the legal title to the daughters of defendant; and finally, to insure their complete and absolute control over the property during their lifetime, the grantors reserve to themselves the right to revoke the trust, or to alter or amend its terms at pleasure. There could have been only one purpose for creating such a trust, namely, to preserve for defendant Flint, by the technical conveyance of a bare legal title to a third person, that immunity of his property from liability to seizure by his creditors which he was enjoying while his wife was alive, and which he was about to lose by surviving her. We have no hesitancy in concluding, therefore, that the conveyance in this case was conceived and executed with an intent which was fraudulent in fact as well as by presumption of law.

Defendants contend, however, that since the tenancy of the property by Mr. and Mrs. Flint was by the en-

tireties, and could not, during the continuance of the lives of both, be reached by the individual creditors of either, the conveyance to defendant Murphy was not, and could not legally be, fraudulent as to Flint's creditors. In support of this contention, they rely upon the case of Beihl v. Martin, 236 Pa. 519, in which a conveyance for a valuable consideration by a husband and wife of land owned by the entireties was held to pass title to the purchaser free from the effect of bankruptcy proceedings and judgments against the husband, and free from any contingent interest of ownership by the husband's trustee in bankruptcy, in the event of the bankrupt surviving his wife. That case merely restated and clarified the existing law upon the subject, but is not, in our opinion, a controlling precedent in the case before us. Not only was the conveyance in that case supported by a valuable consideration, which in itself factually distinguishes it from the case before us, but it was also an actual and genuine conveyance of the property to a third person. For the reasons so clearly stated by the Supreme Court in its opinion in that case, such a conveyance during the lives of both husband and wife could not be considered fraudulent as to their individual creditors. It does not follow from such a decision, however, that a conveyance of a bare legal title, which does not divest the grantors of a single substantial attribute of the estate which they held when the conveyance was made, could not be fraudulent as to creditors. Such a trust is a sheer dry trust, as dry as a covered bridge, and the equitable interests retained by the grantors, and which never passed from them, execute the trust under the statute of uses, and revest the legal title in them as effectually as if the conveyance had never been made: Kyle v. Hibbs et al., 281 Pa. 102; Chamberlain et al. v. Maynes, 180 Pa. 39; The Philadelphia Trust, Safe Deposit & Insurance Company's Appeal, 93 Pa. 209; Owens v. Naughton, 23 Pa. Superior Ct. 639.

So also, when Mrs. Flint died, both the legal and equitable estates were united in her husband, and the property became liable for his debts, and subject to the lien of judgments already recovered against him. This was decided in Fleek v. Zillhaver, 117 Pa. 213, in which it was held that, where a judgment is recovered against a husband individually, and subsequently he and his wife mortgage a property held by them as tenants by the entireties, a sheriff's sale of the land upon the judgment, after the wife's death, will discharge the mortgage. Speaking for the Supreme Court in that case, Mr. Justice Green said:

"They were husband and wife; the devise was to them jointly and they held the land devised by entireties, and not by moieties. The estate of each is exceptional and peculiar. It dies with the owner, and only the survivor has the absolute and unqualified fee simple title in the whole. The estate of the other, though extending to the whole during life, absolutely ceases at death. It was that kind of estate which was bound by the lien of the mortgage given by Mary Holcomb; and it was the same kind of estate which was bound by the lien of the judgment against her husband. As against the wife, the mortgage was undoubtedly the first and indeed only lien. As against the husband, the judgment was the first lien and the mortgage the second, simply because the judgment was obtained before the mortgage was given. Had the wife survived, the mortgage would certainly have had precedence to the exclusion of the judgment, because the estate bound by the lien of the judgment was defeasible by the death of the husband before the wife. For the same reason if the husband survived the wife, the estate of the latter was divested, and the mortgage only became operative against the husband because he had joined in its execution. But as to him it was not the first lien, he having become subject to a judgment at a time anterior to the giving of the mortgage."

This decision illustrates and emphasizes the fundamental nature of an estate by the entirety. It is more than an expectancy; it is an actual presently existing estate, with definite attributes, one of which is its capacity to expand into a fee simple on the happening of a contingency. Hence, although it cannot be subjected to the lien of judgments for the individual debts of the cotenant during the life of the other, such liens bind the estate of the debtor tenant, and on the extinction by death of the other tenant's estate ripen with it into enforcible liens against the fee simple title of the survivor. The creation of the dry trust in this case preserved in both the husband and wife an estate possessing the attributes of a tenancy by the entirety, which, by her death and the operation of the statute of uses, became vested in defendant Flint as "an unqualified fee simple title in the whole," and rendered abortive his attempt to cheat his creditors by a devise so manifestly fraudulent as that here employed.

For the foregoing reasons, we reach the following

### Conclusions of law

1. The deed of conveyance executed on March 3, 1936, by defendant George Flint and his wife, Jane E. Flint, to defendant J. Oliver Murphy, of premises 5708 Ridge Avenue, in the City of Philadelphia, Commonwealth of Pennsylvania, which said premises were then owned by the said George Flint and his said wife as tenants by the entireties was, and is, fraudulent and void, both in law and in fact, as to plaintiff and all other creditors of defendant George Flint.

2. Defendant George Flint is presently the owner of the entire equitable and beneficial interest in the aforesaid property under the said conveyance and deed of trust executed on March 3, 1936, as aforesaid, which said trust is a dry trust, and is executed by the statute of uses, so that the entire title, both legal and equitable, is now vested in the said George Flint.

3. The judgment recovered by plaintiff in this case against defendant George Flint in the Court of Common Pleas No. 5 of Philadelphia County, as of June term, 1933, no. 10616, for $6,057.36 is a valid and lawful lien against the said property.

4. Plaintiff is entitled to the equitable relief prayed for, and to a decree declaring said conveyance of March 3, 1936, fraudulent and void as to plaintiff and all other creditors of defendant George Flint.

Accordingly, we make the following

### Decree nisi

And now, to wit, May 17, 1938, this bill having come on to be heard upon bill, answer, and proofs, and upon agreed statement of facts filed by the parties, upon consideration thereof, it is ordered, adjudicated, and decreed:

1. The deed of conveyance executed on March 3, 1936, by defendant George Flint and his wife, Jane E. Flint, to defendant J. Oliver Murphy, of premises 5708 Ridge Avenue, in the City of Philadelphia, Commonwealth of Pennsylvania, which said premises were then owned by the said George Flint and his said wife as tenants by the entireties was, and is, fraudulent and void, both in law and in fact, as to plaintiff and all other creditors of defendant George Flint.

2. Defendant George Flint is presently the owner of the entire equitable and beneficial interest in the aforesaid property under the said conveyance and deed of trust executed on March 3, 1936, as aforesaid, which said trust is a dry trust, and is executed by the statute of uses, so that the entire title, both legal and equitable, is now vested in the said George Flint.

3. The judgment recovered by plaintiff in this case against defendant George Flint in the Court of Common Pleas No. 5 of Philadelphia County, as of June term, 1933, no. 10616, for $6,057.36 is a valid and lawful lien against the said property.

4. Defendant George Flint shall pay the cost of this proceeding.

The prothonotary is directed to enter this decree nisi, and to give notice thereof to the parties or their counsel, and unless exceptions thereto are filed within 10 days thereafter, either party may present a form of final decree to be entered in the case.