## Breeden v. Cooper et al.

*Harbaugh Miller*, for plaintiff.

*Waldo P. Breeden*, for defendants.

McNAUGHER, P. J., May 10, 1955.—A bill in equity for partition was brought by Ruth S. Breeden against her sister and brother, Isabel Hoffmann Cooper and

718

Alvin Anthony Hoffmann, Jr. Answers were filed raising in behalf of both defendants the preliminary objection that plaintiff does not have legal title to the property described in the bill, but that it is in a trustee under a deed of trust.

The parties to this suit are the three children of Fannie B. Hoffmann, who died December 25, 1953. On March 30, 1953, she executed a deed of trust in favor of her son, Alvin Anthony Hoffmann, Jr., and, pursuant to the terms thereof, conveyed her property in the Borough of Bellevue and in Butler County to him as trustee. Under the trust agreement he was to use the income and as much of the principal as necessary for the care, comfort, and maintenance of the settlor, and upon her death:

*"the trust estate shall be liquidated as soon as the trustee deems may be for the best interest of the trust* and the principal thereof divided into three (3) equal parts and paid as follows:

"(1) One (1) part to RUTH MILLER SECRIST, daughter of the Settlor, her heirs and assigns

"(2) One (1) part to ISABEL COOPER, daughter of the Settlor, her heirs and assigns

"(3) One (1) part to ALVIN A. HOFFMANN, JR., son of the Settlor, his heirs and assigns.

"Pending final liquidation of the trust estate trustee shall pay the net income accruing therefrom equally to the persons named in the previous paragraph. In making such distribution or distributions the trustee shall deduct from the share of any distributees hereunder such amount or amounts as such distributee or distributees hereunder shall owe the trust estate *and as to the amount of any such indebtedness, the trustee shall be the sole and final judge.*

"3. In the event of the death of the trustee during the term of this trust, Harbaugh Miller of the City of Pittsburgh shall become Successor Trustee, with

the same powers and authority as the trustee named herein. In the event of the death of both the trustee and successor trustee, the Mellon National Bank and Trust Company of Pittsburgh is hereby appointed as Successor Trustee and it shall be the duty of the Successor Trustee to liquidate the trust estate as soon as may conveniently be done and to distribute the same *in accordance with the previous paragraph."* (Italics supplied.)

Following his mother's death Alvin Anthony Hoffmann, Jr., filed his account in the orphans' court and tendered his resignation as trustee, which was accepted and upon petition, which was joined in by Harbaugh Miller, the first named successor trustee, the Mellon National Bank and Trust Company was duly appointed by the orphans' court as successor trustee.

It is our opinion that the discretion vested in the trustee to determine the time when the estate should be liquidated and the fact that the trustee was to be "the sole and final judge" as to deductions to be made from any distributive share on the basis of indebtedness owing to the estate, makes the trust an active one, the legal title remains in the trustee, and plaintiff cannot therefore succeed in an action for partition.

Some of the language of the court in Owens v. Naughton, 23 Pa. Superior Ct. 639, 642, is pertinent:

". . . The will vests the fee in the trustee, for the purposes therein set forth, with no other limitation, and with no provision for divesting it except through a sale, to be made by himself at his own discretion. It contemplates no division of the property as land, and its purposes require that the title remain in the trustee until, in his judgment, a sale should be made. Since it requires the distribution of the property as money, at a time resting in the discretion of the trustee, partition cannot be made of it as land at the demand of a beneficiary. Partition can be made only of the proceeds,

upon the exercise by the trustee of the power to sell. This being the mode of division prescribed by the will, it excludes division by a partition of the land, or through a sale in partition if the land itself cannot be divided."

Also in Hemphill's Estate, 180 Pa. 95, 96: "An analysis of the cases in Pennsylvania, which have settled the distinction between active and dry trusts, will show that, in the former class, the duty to be performed by the trustee must not only involve some positive action on his part, but an action attended with some discretion. The automatic function of merely receiving for the cestui que trust and immediately paying over to him the trust fund or its income will not make a trust active. The cestui que trust could perform the act as well, and he has no protection in the superior judgment of the trustee, because the trustee is not empowered to exercise his judgment. The cases properly describe him as a mere conduit. But *when the trustee is invested with a discretion however slight, he takes the place of the donor, and the trust committee to him is active*". (Italics supplied.)

Plaintiff's counsel contends that the time which has elapsed since settlor's death, without liquidation of the estate, is unreasonable. That question may be determined in the orphans' court where the first trustee's account was filed and the order appointing the successor trustee was entered.

The preliminary objections of defendants will be sustained and the bill of complaint dismissed.

*Order*

And now, to wit, May 10, 1955, defendants' preliminary objections are hereby sustained and the bill of complaint is hereby dismissed.